IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| SOLOMON L. COFFEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Solomon L. Coffey: to produce documents (Filing No. 140); for new trial (Filing No. 142); to seal an affidavit (Filing No. 147); to suspend ruling on the motion for new trial (Filing No. 154); and to extend the time to rule on the motion for new trial (Filing No. 155).

## FACTUAL BACKGROUND

On December 11, 2003, the Defendant, Solomon L. Coffey, was found guilty after a jury trial of Count I of the Indictment charging him with conspiracy to distribute or possess with intent to distribute 50 grams or more of cocaine base, i.e., crack cocaine. (Filing No. 62.) The Court found Coffey responsible for 2.7 kilograms of crack cocaine, resulting in a sentencing guideline range of 324-405 months. Coffey was sentenced to 324 months imprisonment and 5 years supervised release. (Filing Nos. 88, 94, 104.)

The Eighth Circuit Court of Appeals initially affirmed Coffey's conviction, but remanded for resentencing under the advisory sentencing guideline scheme required under *United States v. Booker,* 543 U.S. 220 (2005). (Filing No. 112.) However, the Eighth Circuit granted the government's petition for rehearing en banc, vacated its previous opinion, and remanded the case to the original Eighth Circuit panel for plain error review

under *United States v. Pirani,* 406 F.3d 543 (2005).[1]  (Filing No. 121.)  On remand, the Eighth Circuit concluded that, although this Court erred by enhancing the base offense level based on drug quantity pursuant to a mandatory guideline scheme, Coffey did not demonstrate prejudicial plain error.  Therefore, the Eighth Circuit reinstated Coffey's judgment of conviction and affirmed his sentence.  (Filing No. 134.)  The Eighth Circuit mandate was filed on August 22, 2005.  (Filing No. 135.)

On January 5, 2006, the Eighth Circuit denied Coffey's pro se motion for appointment of new counsel.  (Filing No. 136.)  On February 23, 2006, Coffey filed a petition for writ of certiorari, which the Supreme Court denied on May 1, 2006.  (Filing Nos. 138, 139.)

## DISCUSSION

### *Motion to Produce Documents*

Coffey then filed in this Court a pro se motion to produce documents in preparation for a motion to be filed pursuant to 28 U.S.C. § 2255.  The documents requested consist of transcripts of portions of Coffey's trial, grand jury minutes, and witnesses' detention hearings, as well as witnesses' plea agreements.  (Filing No. 140.)

Coffey has not filed a § 2255 motion, and therefore any request for discovery is premature.  28 U.S.C. § 2250.  The motion is denied.

### *Motion for New Trial*

On December 11, 2006, Coffey filed a timely motion through counsel for a new trial, arguing that after trial a cooperating witness told a fellow inmate that he testified falsely at

---

[1] Under *Pirani*, Coffey's objection to the evidence upon which this Court based its drug quantity finding was insufficient to preserve a *Booker* claim.

Coffey's trial. According to Coffey, the witness told the inmate that he did not witness or observe the matters he testified to at trial and instead based his testimony on statements told to him by others. (Filing Nos. 142, 146.)

In order to receive a new trial, Coffey must show that the newly discovered evidence would likely result in an acquittal. *United States v. Rouse,* 410 F.3d 1005, 1009 (8th Cir. 2005). The Court must determine whether the new evidence in the form of a recantation is credible.[2] *Id.* The Court has broad discretion to order an evidentiary hearing or decide the matter on affidavits. *United States v. Provost,* 969 F.2d 617, 619 (8th Cir. 1992). The need for a hearing is diminished where the judge deciding the Rule 33 motion observed the demeanor and credibility of the witnesses at trial or is thoroughly familiar with the case through another means. *Id.* In Coffey's case, the Court presided at trial and is thoroughly familiar with the case. Therefore, because the Court observed the demeanor and credibility of the trial witnesses, unless after reviewing the affidavit that Coffey intends to file[3] the Court desires an evidentiary hearing, the motion for new trial will be decided based on the affidavit and any response from the government.

***Motion to Seal Affidavit***

Coffey requests an order directing that the affidavit to be filed in support of the motion for new trial be sealed. (Filing No. 147.) Coffey provided the Court with the

---

[2]Coffey is advised that the Eighth Circuit views "with suspicion motions for new trial based on the recantation of a material witness because '[t]he stability and finality of verdicts would be greatly disturbed if courts were too ready to entertain testimony from witnesses who have changed their minds, or who claim to have lied at the trial.'" *Rouse,* 410 F.3d at 1009 (quoting *United States v. Grey Bear,* 116 F.3d 349, 350 (8th Cir.1997)).

[3]The proposed affidavit is discussed below.

affidavit.  The Clerk will be ordered to file the affidavit under seal.  The government may respond on or before July 23, 2007.

### *Motion to Suspend Ruling*

Coffey filed a motion to suspend ruling on his motion for new trial to allow Coffey time to consult with counsel.  Counsel contacted the Court after he consulted with Coffey.  Therefore, the motion to suspend ruling is denied as moot.

IT IS ORDERED:

1. The Defendant's motion to produce documents (Filing No. 140) is denied;

2. The Defendant's motion to extend the time to rule on the motion for new trial (Filing No. 155) is denied as moot;

3. The Defendant's motion to suspend ruling (Filing No. 154) is denied as moot;

4. The Defendant's motion to seal an affidavit submitted in support of the motion for new trial (Filing No. 147) is granted, and the Clerk shall file the affidavit in question under seal;

5. The Defendant's motion for new trial (Filing No. 142) is held in abeyance pending the filing of any response by the government.

DATED this 16th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge