IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:03CR101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| SOLOMON L. COFFEY, | ) | |
| | ) | |
| Defendant. | ) | |

   This matter is before the Court on the Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing Nos. 160, 165)[1] and the motion for notice of timely filing (Filing No. 163) filed by the Defendant, Solomon L. Coffey.  The Court has considered Coffey's brief (Filing No. 167) and affidavit (Filing No. 166) filed in support of his § 2255 motion.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

   Coffey was found guilty of a one-count Indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance

---

   [1]For reasons explained later in this Memorandum and Order, the motion at Filing No. 160 will be denied as moot.  Therefore, later references to the § 2255 motion will only be made to the motion filed at Filing No. 165 on April 16, 2007.

containing cocaine base.[2] (Filing No. 62.) The PSR applied the 2003 edition of the *Guidelines Manual* and placed Coffey in a sentencing guideline range of 324-405 months, based on total offense level 38[3] and criminal history category IV. (Filing No. 91.) He was sentenced to 324 months imprisonment and five years supervised release. (Filing No. 94.) Coffey filed a direct appeal. The Eighth Circuit initially concluded that the evidence was sufficient to support a guilty verdict; however, Coffey's case was remanded for resentencing under *United States v. Booker,* 543 U.S. 220 (2005). (Filing No. 112.) However, that decision was vacated when the Eighth Circuit granted the government's petition for rehearing en banc. (Filing No. 119.) The en banc court then remanded the case to the circuit panel for plain error review of Coffey's sentence in accordance with *United States v. Pirani,* 406 F.3d 543 (8th Cir. 2005). The Eighth Circuit concluded that Coffey did not demonstrate prejudicial plain error. On July 25, 2005, the court reinstated Coffey's conviction and affirmed his sentence. (Filing No. 130.) On February 23, 2006, Coffey filed a petition for a writ of certiorari (Filing Nos. 138, 139), which was denied on May 1, 2006. *Coffey v. United States,* 547 U.S. 1123 (2006). In light of the November 2007, cocaine base amendments to the sentencing guidelines, Coffey's sentence will be revisited under the new sentencing guideline § 2D1.1, which assigns base offense level 36 to a quantity of 2.7 kilograms cocaine base.

As explained below, Coffey's § 2255 motion was timely filed. In his motion, Coffey argues that defense counsel was ineffective in failing to: give him inaccurate advice at the

---

[2]James R. Kozel represented Coffey at all times relevant to the § 2255 motion. The Court has referred to Mr. Kozel's "zealous representation" of Coffey through trial, on appeal, and with respect to the motion for new trial. (Filing No. 152, at 1-2.)

[3]The base offense level was based on 2.7 kilograms cocaine base.

2

plea stage; object to inadmissible hearsay evidence at trial; object to gang evidence at trial; preserve his *Booker* objection at sentencing; inform him of the result of his direct appeal; and file a petition for a writ of certiorari.

## DISCUSSION

### TIMELINESS

In reviewing the internal office file of the undersigned, Coffey's original § 2255 motion was found. Coffey mailed the motion on April 13, 2007. The motion was received and, pursuant to Coffey's instruction in his cover letter, forwarded to the undersigned's chambers and received there on April 16, 2007. The motion was not then filed with the Clerk. However, upon the recent discovery of the original motion the Clerk has been directed to file the motion as of the date of its receipt, April 16, 2007. The motion is therefore timely. Coffey's motion for notice of timely filing (Filing No. 163) is denied as moot.

### MERITS

In order to establish ineffective assistance of counsel, Coffey must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### *Advice at Plea Stage*

Coffey argues that his attorney failed to advise him that he would receive a lighter sentence if he pleaded guilty. Specifically, Coffey argues that had he pleaded guilty he would have received a three-level downward adjustment for acceptance of responsibility. Coffey therefore assumes that had he pleaded guilty he would have been in a guideline range of 235-293 months based on total offense level 35 and criminal history category IV. Coffey also assumes that he would have been sentenced at the low end of the range at 235 months.

Assuming that Coffey had pleaded guilty, sentencing guideline § 3E1.1 would have allowed him a two-level decrease in his offense level if he "clearly demonstrate[d] acceptance of responsibility for his offense." Had Coffey qualified for the two-level decrease, he could have received an additional one-level decrease upon the government's motion indicating that he had "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(b) (2003). Application note 1 to § 3E1.1 describes the considerations relevant to an award for acceptance of responsibility. Those considerations include several factors including the truthful admission or not falsely denying relevant conduct and the timing of a defendant's manifestation of acceptance of responsibility. *Id.* § 3E1.1 cmt. n. 1(a) (2003). In other words, one must do more than plead guilty to earn the two or three level downward adjustment for acceptance of responsibility. And even if a plea agreement incorporates, for example, an agreement that the government

4

recommends and moves for a three-level adjustment for acceptance of responsibility, such an agreement would be a nonbinding recommendation unless the agreement is made under Federal Rule of Criminal Procedure 11(c)(1)(C). *Compare* Fed. R. Crim. P. 11(c)(1)(B) *with* Fed. R. Crim. P. 11(c)(1)(C).

In summary, Coffey cannot be assured that had he simply pleaded guilty he would have: received three, or even two, levels credit for acceptance of responsibility; and been sentenced at the low end, or even within, the sentencing guideline range. Therefore, even assuming for the sake of argument that Coffey has shown the first prong of the *Strickland* test, he cannot prove the second prong relating to prejudice.

### *Hearsay - Fed. R. Evid. 801(d)(2)(E)*

Coffey argues that trial counsel failed to object to inadmissible hearsay evidence. Coffey is referring to the following statement of Jennings: "Well, Rodney [Williams] stated that Box was doing good for himself meaning that he was able to sell large quantities of drugs." (Filing No. 101, at 133.) Jennings testified that this statement was made when Williams introduced him to Coffey, and Jennings went on to testify that during this meeting he arranged his first drug transaction the next day with Coffey during which he bought crack cocaine from Coffey. (*Id.*, at 135-36.) Therefore, the statement is not hearsay as it was a statement by a coconspirator during the course and in furtherance of the conspiracy.[4]  Fed. R. Evid. 801(d)(2)(E).

---

[4]Federal Rule of Evidence 801(d)(2)(E) applies to both unindicted and unnamed coconspirators. *United States v. McCarthy,* 97 F.3d 1562, 1572-73 (8th Cir. 1996); *United States v. Lewis,* 759 F.2d 1316, 1339 (8th Cir. 1985).

*Gang Evidence*

Coffey argues that trial counsel was ineffective for failing to object at trial to "gang evidence."

At trial, Detective Steve Orsi testified over defense counsel's objection that his investigation of Coffey began when he was investigating the South Family Bloods, a violent street gang. (Filing No. 101, at 32.) Detective Orsi stated that "[f]rom there numerous indictments were obtained and those individuals began to cooperate on who was supplying them." Defense counsel's objection to the following statement was granted, resulting in the statement being stricken: "Along the way one of the people that was supplying the lower level guys was Mr. Solomon Coffey." (*Id.* at 32-33.) Those statements were the only references to gangs or gang activity. Under these facts, Coffey cannot prove either prong of the *Strickland* test and this claim is denied.

*Presentence Report*

Coffey states that defense counsel lied to the Court at sentencing when he told the Court that he had discussed the Presentence Investigation Report ("PSR") with Coffey. (Filing No. 104, at 4.) However, Coffey added no comments of his own at sentencing, either at that time or the time of allocution. (*Id.*, at 4 & 344.) Federal Criminal Procedure Rule 32 requires that the probation officer give the PSR to the defendant at least thirty-five days before sentencing. Fed. R. Crim. P. 32(e)(2). In this case, the cover letter to the PSR reflects that the probation officer sent the PSR to Coffey on March 5, 2004, more than thirty-five days before his April 26, 2004, sentencing hearing. Therefore, the requirement of Rule 32(e)(2) was met and the record does not support Coffey's claim.

Therefore, Coffey has not proved either prong of the *Strickland* test.  This claim is denied.

### *Application of* Booker

Coffey argues that the jury found beyond a reasonable doubt that he was responsible for 50 or more grams of cocaine base and therefore the amount of 2.7 kilograms determined at sentencing violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and progeny.  Coffey argues that he could only be held responsible for 50 grams of cocaine base.

The drug amount attributed to Coffey was reviewed by the Eighth Circuit after being raised in the context of a sufficiency of the evidence argument.  Ultimately, Coffey's sentence was affirmed.  (Filing No. 130, at 4.)  This Court determined the applicable drug amount under the sentencing guidelines based on a preponderance of the evidence, and Coffey's sentence did not exceed the statutory maximum of life imprisonment.  *See United States v. Hollingsworth,* 298 F.3d 700, 703 (8th Cir. 2002).  The statutory amount was properly included in the Indictment and found by the jury beyond a reasonable doubt.  *See Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000).

Therefore, Coffey cannot prove either prong of the *Strickland* test, and this claim is denied.

### *Preservation of* Booker *Objection at Sentencing*

Coffey argues that defense counsel was ineffective for failing to preserve his *Apprendi-Booker* objection at sentencing, stating that he "lost his *Booker* argument on direct appeal because the Eighth Circuit ruled that he had not preserved his *Booker* claim at sentencing." (Filing No. 161, at 17.)

7

Coffey is mistaken. In its original opinion, the Eighth Circuit remanded his case for resentencing, noting that "defendants such as Coffey who have preserved the issue are entitled to new sentencing proceedings." (Filing No. 112, at 7.) Again in its opinion on the government's petition for rehearing en banc the court noted that "his objection at sentencing to the sufficiency of the government's evidence of drug quantity was sufficient to preserve a constitutional claim that his sentence violated [*Booker*]. (Filing No. 131, at 2.)

Because Coffey cannot prove either *Strickland* prong, this claim is denied.

### *Final 8th Circuit Action*

Coffey argues that appellate counsel was ineffective for failing to inform him of the final action on his direct appeal, failing to file a petition for writ of certiorari and prohibiting Coffey from timely filing a pro se petition for writ of certiorari.

The record does not support Coffey's claim that he did not receive notice of the Eighth Circuit's final action. The cover letter from the Eighth Circuit Clerk indicates that a copy of the cover letter and opinion were sent to Coffey. (Filing No. 131-2.)

Because Coffey cannot prove either *Strickland* prong, this claim is denied.

### *Timeliness of Petition for Writ of Certiorari*

Coffey argues that the claim he wished to present through his attorney to the Supreme Court related to a then-existing circuit split regarding his *Booker* claim. *United States v. Pirani,* 406 F.3d 543 (8th Cir. 2005), discussing a circuit split regarding plain error review, was decided on April 29, 2005. The petition for writ of certiorari in *Pirani* was filed on July 29, 2005, and denied on October 3, 2005. The Eighth Circuit's decision on the petition for rehearing en banc in Coffey's case, remanding his case to the Eighth Circuit

panel for plain error review under *Pirani*, was filed on July 25, 2005. Therefore, Coffey's deadline for filing a petition for a writ of certiorari was October 24, 2005. On February 23, 2006, Coffey filed his untimely petition for a writ of certiorari that was denied on May 1, 2006.

The government is ordered to answer this claim only insofar as it relates to the lack of a timely filing of a petition for certiorari.

## CONCLUSION

The government is ordered to answer the ineffective assistance of appellate counsel claim only insofar as that claim relates to the nonfiling of a petition for a writ of certiorari by counsel. Otherwise, the Defendant's claims are summarily denied for the reasons discussed.

IT IS ORDERED:

1. The Defendant's motion for notice of timely filing (Filing No. 163) is denied as moot;

2. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 160) is denied as moot;

3. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 165);

4. Upon initial review, the Court finds that summary dismissal of the Defendant's claim relating to the timeliness of the filing of his petition for a writ of certiorari is not required;

5.      On or before March 27, 2008, the United States shall file an answer to the defendant's claim in question and support its answer with a brief; and

6.      On or before April 28, 2008, the Defendant may file a responsive brief.

7.      Upon initial review, the Court summarily dismisses all other claims raised in the § 2255 motion; and

8.      The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 27th day of February, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge