IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR101 |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| SOLOMON L. COFFEY, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the motion filed by the Defendant, Solomon L. Coffey, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 165). Coffey also filed an affidavit (Filing No. 166) and a supporting brief (Filing No. 167). The government filed an Answer and a supporting brief. (Filing Nos. 175, 176.) The § 2255 motion was stayed pending the resolution of a simultaneously pending appeal. (Filing No. 184.) The Eighth Circuit Court of Appeals affirmed this Court's denial of Coffey's motion for a new trial on appeal (Filing No. 186), the Eighth Circuit mandate was issued (Filing No. 192), and therefore this Court now has jurisdiction to consider Coffey's § 2255 motion.

### FACTUAL BACKGROUND

Coffey was found guilty of a one-count Indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base.[1] (Filing No. 62.) The PSR applied the 2003 edition of the *Guidelines Manual* and placed Coffey in a sentencing guideline range of 324-405 months, based on total offense level 38[2] and criminal history category IV. (Filing No. 91.) He was

---

[1]James R. Kozel represented Coffey at all times relevant to the § 2255 motion. The Court has referred to Mr. Kozel's "zealous representation" of Coffey through trial, on appeal, and with respect to the motion for new trial. (Filing No. 152, at 1-2.)

[2]The base offense level was based on 2.7 kilograms cocaine base.

sentenced to 324 months imprisonment and five years supervised release. (Filing No. 94.) Coffey filed a direct appeal. The Eighth Circuit initially concluded that the evidence was sufficient to support a guilty verdict; however, Coffey's case was remanded for resentencing under *United States v. Booker,* 543 U.S. 220 (2005). (Filing No. 112.) However, that decision was vacated when the Eighth Circuit granted the government's petition for rehearing en banc. (Filing No. 119.) The en banc court then remanded the case to the circuit panel for plain error review of Coffey's sentence in accordance with *United States v. Pirani,* 406 F.3d 543 (8th Cir. 2005). The Eighth Circuit concluded that Coffey did not demonstrate prejudicial plain error. On July 25, 2005, the court reinstated Coffey's conviction and affirmed his sentence. (Filing No. 130.) On February 23, 2006, Coffey filed a petition for a writ of certiorari (Filing Nos. 138, 139), which was denied on May 1, 2006. *Coffey v. United States,* 547 U.S. 1123 (2006). In light of the November 2007, cocaine base amendments to the sentencing guidelines, Coffey's sentence will be revisited under the new sentencing guideline § 2D1.1, which assigns base offense level 36 to a quantity of 2.7 kilograms cocaine base.

Coffey's § 2255 motion was timely filed. All claims except one were denied on initial review, and the government was ordered to answer Coffey's claim that his attorney was ineffective for failing to file a petition for a writ of certiorari after the Eighth Circuit's July 25, 2005, opinion reinstating his conviction and affirming his sentence. (Filing No. 168.)

## DISCUSSION

In order to establish ineffective assistance of counsel, a defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v.*

*Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

A defendant does not have a constitutional right to counsel with respect to filing a petition for a writ of certiorari. *Steele v. United States,* 518 F.3d 986, 988 (8th Cir. 2008). Therefore, Coffey cannot meet the first prong of the *Strickland* test. His § 2255 motion is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that the Defendant's § 2255 motion is denied.

IT IS ORDERED:

1. The Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 165) is denied;

2. A separate Judgment will be issued denying the § 2255 motion; and

3. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 1st day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge